IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Charlotte Beck, | Case No. 3:10 CV 319 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Buckeye Pipe Line Services Co., | |
| Defendant. | |

### INTRODUCTION

This Court previously granted Defendant Buckeye Pipe Line Services' ("Buckeye") Motion for Summary Judgment and dismissed Plaintiff Charlotte Beck's ("Beck") discrimination claims (Doc. No. 34). Now pending before the Court is Buckeye's Bill of Costs (Doc. No. 36), which seeks costs for: (1) deposition transcripts; (2) printing materials; and (3) copies made in response to Plaintiff's discovery requests (Doc. No. 36-1). Altogether, the requested relief totals $5,427.35. For the reasons that follow, Buckeye's Bill of Costs is granted in part and denied in part.

### ANALYSIS

Federal Civil Rule 54(d) states that unless otherwise provided, "costs—other than attorney's fees—should be allowed to the prevailing party." Costs that may be taxed to the non-prevailing party under Rule 54(d) are enumerated in 28 U.S.C. §§ 1920(2)–(4), and include fees "for printed or electronically recorded transcripts necessarily obtained for use in the case; [f]ees and disbursements

for printing and witnesses; [and f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." *Id.*

For this Court to award the prevailing party costs, it must "determine that the expenses are allowable cost items and that the amounts are reasonable and necessary." *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 417 (6th Cir. 2005) (quoting *Baker v. First Tenn. Bank Nat'l Ass'n.*, 142 F.3d 431 (6th Cir. 1998)). In the Sixth Circuit, although the unsuccessful party has the burden of overcoming the presumption favoring an award of costs to the prevailing party, the prevailing party must first show that each of the items claimed in the bill of costs is necessary. *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 732 (6th Cir. 1986). It is within the district court's discretion to determine if granting a bill of costs is proper; however, "[b]ecause Rule 54(d) establishes a norm of action entitling the prevailing party to its costs as of course, a district court's discretion to depart from the rule and deny costs is more limited than it would be if the rule were 'nondirective.'" *Texler v. Cnty. of Summit Bd. of Mental Retardation & Dev. Disabilities*, 25 F.3d 1050 (6th Cir. 1994) (table case).

The Sixth Circuit has described several circumstances where denial of costs was proper: (1) the taxable expenditures are unnecessary or unreasonably large; (2) the prevailing party should be penalized for unnecessarily prolonging the trial or for injecting unmeritorious issues; (3) the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the nonprevailing party; or (4) the case is close and difficult. *White & White*, 786 F.2d at 730. Additional factors to consider include whether the losing party was reasonable and brought her action in good faith, whether awarding such costs could chill future litigation against a more affluent party, and the ability of the prevailing party to pay its own costs. *Id.*

2

**Deposition Costs**

As noted above, Section 1920(2) allows for the recovery of "transcripts necessarily obtained for use in the case." Courts have further elucidated this standard by noting, the "[n]ecessity [of a deposition] is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling." *Baji v. Northeast Reg'l Bd. of Dental Exam'rs, Inc.*, 3 F. App'x 352, 359–60 (6th Cir. 2001) (quoting *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989)). This is so even if the case goes through trial and the specific deposition is not employed in the proceedings. *See McCombs v. Meijer, Inc.*, 395 F.3d 346, 361 (6th Cir. 2005) (ruling that the district court did not abuse its discretion by taxing costs to the non-prevailing party, even though the deposition was never used during the trial).

This Court looks to several of the *White* factors listed above, including whether certain expenditures were necessary. In this case, Kevin Dansby's deposition was not used at all by Buckeye in its Motion, suggesting it was not in fact necessary to the case. Further, the depositions of Buckeye's representatives were taken by Beck, not Buckeye. Instead, Buckeye relied almost exclusively on the declarations, rather than the depositions, of its representatives. The only deposition that appears necessarily obtained for use in Buckeye's case is Plaintiff's deposition.

This Court also considers whether awarding costs could chill future litigation and the ability of the prevailing party to pay its own costs, and concludes the circumstances of this case entitle Buckeye to costs for Beck's deposition only—**$2,315.55**. All other requested deposition costs are denied.

3

**Printing Costs**

In order for the prevailing party to recover costs for "printing and witnesses," *see* §1920(3), it must prove the printing was necessary. *See Cooley v. Lincoln Elec. Co.*, 2011 WL 841535, at *46 (N.D. Ohio 2011) (determining that the prevailing party had gone into sufficient detail to prove necessity of printing costs). Generally, courts do not award the prevailing party costs of printing their own materials, especially when the court employs an electronic docketing system specifically to avoid such costs. *See MacDonald v. United Postal Serv.*, 2010 WL 1254607, at *2 (E.D. Mich. 2010).

Here, Buckeye submitted an itemized list of printed materials with the cost per page and number of pages attached for each one. Included in the list of materials printed are Buckeye's Motion for Summary Judgment, courtesy copies of the Motion for Summary Judgment for the Court, as well as binding, and Beck's Opposition to Buckeye's Motion for Summary Judgment. Beck argues that the "hard copies" of these documents were not necessary in light of the fact that this case has electronic docketing (Doc. No. 39 at 3). This Court agrees. Buckeye has not sufficiently proven the necessity of printing either its *own* Motion for Summary Judgment or Beck's Opposition. However, this Court finds its own courtesy copy was necessary, as the Court generally requires it. Accordingly, the amount taxed to Beck is **$15.25** ($9.90 (courtesy copy costs) + $5.35 (binding costs) = $15.25).

**Copying Costs**

In this District, a prevailing party may recover the costs of photocopying. *Arthur S. Langenderfer, Inc. v. S. E. Johnson Co.*, 684 F. Supp. 953, 961 (N.D. Ohio 1988). However, the "Sixth Circuit has cautioned . . . that a court should not 'rubber stamp' a party's request for reproduction costs . . . [without first] investigat[ing] the requested costs for necessity and reasonableness." *J-Way Leasing Ltd. v. American Bridge Co.*, 2010 WL 816439, at *3 (N.D. Ohio

2010). Once again, the party seeking reimbursement for the photocopying costs has the burden of proving that they were necessary. *Charboneau v. Seven Trent Labs.*, 2006 WL 897131, at *2 (W.D. Mich. 2006).

Although there is no itemized list of the items copied, each item copied was in response to Beck's request for the production of the document (Doc. No. 36-1 at 2). Beck argues that such a request for taxation should be denied because Buckeye never "demonstrated that these documents were necessarily obtained for use in the case." *Id.* In support of this proposition, Beck cites a case from the Western District of Texas, *Avena v. Dept. of Human Servs.*, 2006 WL 3337519 (W.D. Tex. 2006). This case is neither binding on this Court nor persuasive, and therefore this Court declines to follow it. Because Buckeye produced these documents at Beck's request for discovery purposes, necessity is sufficiently established and, in the context of this case, Buckeye is entitled to copying costs of **$567.30**.

### CONCLUSION

For the foregoing reasons, Buckeye Pipe Line's Bill of Costs is granted in part and denied in part. Buckeye is awarded total costs of **$2,898.10** ($2,315.55 + $15.25 + 567.30).

IT IS SO ORDERED.

                                                   s/ *Jack Zouhary*
                                                  JACK ZOUHARY
                                                  U. S. DISTRICT JUDGE

July 25, 2011